## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | Case No. 21-1076-JWB-KGG |
| $487,025.00 IN U.S. CURRENCY, ) | |
| more or less, and RODNEY ) | |
| PERKINS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## ORDER MOTION TO COMPEL & MOTION TO STAY

Now before the Court are Plaintiff's "Motion to Compel Claimant to Respond to Special Interrogatories" (Doc. 16) and "Motion to Stay Proceedings Pending Determination of Putative Claimant's Standing to Intervene" (Doc 21). Having reviewed the submissions of the parties, Plaintiff's Motion to Compel (Doc. 16) is **GRANTED** and Plaintiff's Motion to Stay (Doc. 21) is **DENIED**.

## BACKGROUND

Plaintiff United States filed its Complaint for forfeiture *in rem* on March 25, 2021, seeking to "forfeit and condemn to the use and benefit of the [USA] the following property:  $487,025.00 in U.S. Currency … for violations of 21 U.S.C. § 841."  (Doc. 1.)  The currency was seized by the Junction City, Kansas Police Department in November 2020 "during a traffic investigation of a rented 2021

1

Chevrolet Colorado pickup" driven by Claimant Rodney Perkins on I-70 in Geary County, Kansas.  (*See id.*)  Plaintiff currently has custody of the currency.  (*Id*.)

Counsel for Claimant entered an appearance on June 8, 2021 (Doc. 4) and a claim of ownership was filed a week later (Doc. 7).  Claimant's Answer was subsequently filed, in which he admits the currency was seized and admits the Court's *in rem* jurisdiction.  (*See* Doc. 1.)  Claimant also admits that "'Supplemental Rule G(2)(f) requires the complaint to state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.'"  (*Id*., at 2.)  He generally denied the other allegations in the Complaint and raised various affirmative defenses, including :  a) the Complaint is subject to dismissal for failure to "state facts sufficient to state a claim for forfeiture of the defendant property," b) Plaintiff "lacked untainted probable cause" for the institution of this forfeiture, the detention of Claimant, and the seizure of the property, c) a violation of this Fourth Amendment rights and/or Due Process pursuant to the Fifth Amendment, requiring suppression of all evidence seized, d) the Defendant property was not the proceeds of a violation of law, and e) the statute of limitations bars this action.  (*See generally*, *id.*)

Plaintiff served its first special interrogatories on Claimant pursuant to Rule (G)(6)(a) of the Supplemental Rules of Admiralty or Maritime and Asset Forfeiture

Claims on August 10, 2021.[1]  (Doc. 11.)   Responses and objections to the

interrogatories were served by Claimant on August 30, 2021.  Claimant responded

fully to Interrogatory No. 1 by providing his name and address.  (Doc. 16-1, at 2-

3.)  According to Plaintiff, however, the remainder of Claimant's responses were

insufficient.

> Interrogatory #2 requested the claimant to indicate which
> type of ownership he was claiming of the multiple
> descriptions set out in 18 U.S.C. 983(d)(6)(A).  The
> claimant chose no particular interest description and
> instead repeated the broad language of the statute.  In
> response to Interrogatories #3 through #11, the putative
> claimant objected:  1) that the Interrogatories exceeded
> the scope of Rule G(6) Special Interrogatory authority;
> and, 2) that the Fourth Amendment protected the
> personal information sought by the Interrogatories.

(Doc. 16, at 2; *see also* Doc. 16-1, at 3-6.)

On September 3, 2021, Claimant filed a motion to suppress "all evidence

obtained as a result of law enforcement's illegal seizures and searches of Claimant

and his possessions that occurred on November 10, 2020 on Interstate 70 in

Kansas."  (Doc. 14.)  Plaintiff subsequently filed the present motion to compel on

September 10, 2021, wherein it contends the interrogatories were served in an

effort to "allow the government to test the claimant's standing to have intervened

---

[1] Rule G(6) allows the government to serve special interrogatories "limited to the
claimant's identity and relationship to the defendant property without the court's leave at
any time after the claim is filed and before discovery is closed."

in this matter." (Doc. 16, at 1-2.) Plaintiff then filed its motion to stay the proceedings "pending a determination of the putative claimant's standing to have intervened in this matter." (Doc. 21.)

## ANALYSIS

### I.   Motion to Compel (Doc. 16).

As indicated above, Plaintiff states that the purpose of the motion to compel is to "allow the government to test the claimant's standing to have intervened in this matter." (Doc. 16, at 1-2.) This District has specifically acknowledged that "Special Interrogatories authorized by Rule G(6) of the Supplemental Rules are aimed at gathering information bearing on the claimant's standing to assert a claim." ***U.S. v. $2,051,660 in U.S. Currency***, No. 07-1338-JTM, 2008 WL 8723566, at *1 (D. Kan. Sept. 29, 2008) (citing Advisory Committee Notes for Supplemental Rule G, Subdivisions (6) (which note the "special role that subdivision (6) plays in the scheme for determining claim standing")).

In that ruling, the Hon. District Judge J. Thomas Marten stated that "[a]fter the United States receives the [interrogatory] responses, then it can determine whether a challenge to the putative claimant's standing is appropriate." (*Id.* (citing Supplemental Rule G(8)(c).) The Court stated that such special interrogatories

> are relevant to the issue of the claimant's identity and
> relationship to the defendant property. The explanation
> [of ownership] should include factual allegations
> regarding how the claimant came to possess the property,

> the nature of the claimant's relationship to the property,
> and/or the story behind claimant's control of the property.

*Id*. (citing *U.S. v. 746,198.00 in U.S. Currency*, 299 F.Supp.2d 923, 929 (2004) (internal citation omitted)).

Claimant argues that "Article III and statutory standing are satisfied when the defendant property is actually seized from the possession of the Claimant and the Claimant fully identifies himself or herself and alleges, under oath, ownership of the defendant property." (Doc. 22, at 3.) Claimant continues that that Judge Marten's analysis in *$2,051,660* is both flawed and no longer good law. (*Id*., at 8-9.)

Plaintiff replies that special interrogatories "are not rendered moot just because the claimant has satisfied the standing requirements at the pleading stage." (Doc. 26, at 3 (citations omitted).) Plaintiff correctly continues that this discovery tool exists because "a claimant bears the burden of establishing his standing *at all stages of the litigation*." (*Id*., at 2 (emphasis in original) (citing *U.S. v. S 148,840.00 in U.S. Currency*, 521 F.3d 1268, 1273 (10th Cir. 2008) (holding that a district court may revisit the issue of standing at later stages of litigation)).)

Claimant also argues that the Fourth Amendment protection against unreasonable searches and seizures, as raised in his pending motion to suppress, excuses him from responding to the special interrogatories. According to Claimant, if the traffic stop and resulting search are later suppressed, it would be

improper for the government to rely on the same information that was gleaned through the interrogatories.  Plaintiff replies, however, that "all of the information known to the government came from the stop, any suppression of the car stop and seizure would be universal. The government's follow up civil discovery would have been based upon the now suppressed information and would therefore be fruit of the poisonous tree."  (Doc. 26, at 4.)  The Court agrees.

Plaintiff's motion to compel (Doc. 16) is, therefore, **GRANTED**.  The interrogatories are appropriately tailored to gathering information bearing on Claimant's standing to assert a claim.  Claimant shall respond fully and without objection to Plaintiff's special interrogatories within thirty (30) days of the date of this Order.

## II.    Motion to Stay (Doc. 21).

"The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court."  *Toney v. Harrod*, No. 15-3209-EFM-TJJ, 2018 WL 5830398, at *1 (D. Kan. Nov. 7, 2018) (citing *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *McCoy v. U.S.*, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007)).  That stated, Tenth Circuit has concluded that "the right to proceed in court should not be denied except under the most extreme circumstances."  *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

In the present situation, Plaintiff asks the Court to stay all proceedings herein until the District Court issues a ruling on Claimant's standing to intervene.  (Doc. 21.)  Plaintiff argues that

> [t]he scheduling order's discovery clock is running, and the government predicts that the current standing and suppression issues will take months to resolve.  To prevent prejudice to the parties by cutting short discovery time, or forcing the Court to entertain multiple motions for extension of time, it seems more reasonable to stay the proceedings now to allow the Court and the parties to take up the matters each in their proper order.

(*Id.*, at 3.)  Claimant argues there is no legal basis to stay the Court's ruling on his motion to suppress.  (Doc. 22, at 9-10.)  Plaintiff replies that "[s]ince a claimant without standing cannot file motions in a case, then it makes no sense to take up any claimant motion prior to deciding that claimant's standing."  (Doc. 26, at 5.)

The Court acknowledges Plaintiff's concerns regarding its ability to address the issue of standing without the requisite discovery.  As discussed above, Plaintiff's motion to compel has been granted and Claimant has been ordered to provide supplemental interrogatory responses within 30 days.  Plaintiff also has an additional motion to compel pending (Doc. 34) which was recently filed and is not yet fully briefed.

The Court, however, **DENIES** Plaintiff's Motion to Stay (Doc. 21).  This decision is **without prejudice** to Plaintiff filing any motions to further extend the

deadline to respond to Claimant's motion to suppress (any such motion will be decided by the District Judge).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Doc. 16) is **GRANTED** and Plaintiff's Motion to Stay (Doc. 21) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 27th day of October , 2021, at Wichita, Kansas.

/s KENNETH G. GALE
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE