# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) Case No. 21-1076-JWB-KGG |
| $487,025.00 IN U.S. CURRENCY, | ) |
| more or less, and RODNEY | ) |
| PERKINS, | ) |
| | ) |
| Defendant. | ) |

## ORDER GRANTING MOTION TO COMPEL

Now before the Court are Plaintiff's "Motion to Compel Claimant to Respond to First Rule 34 Document Request." (Doc. 34.) Having reviewed the submissions of the parties, Plaintiff's Motion to Compel is **GRANTED**.

## BACKGROUND

Plaintiff United States filed its Complaint for forfeiture *in rem* on March 25, 2021, seeking to "forfeit and condemn to the use and benefit of the [USA] the following property: $487,025.00 in U.S. Currency … for violations of 21 U.S.C. § 841." (Doc. 1.) The currency was seized by the Junction City, Kansas Police Department in November 2020 "during a traffic investigation of a rented 2021 Chevrolet Colorado pickup" driven by Claimant Rodney Perkins on I-70 in Geary County, Kansas. (*See id.*) Plaintiff currently has custody of the currency. (*Id.*)

1

Counsel for Claimant entered an appearance on June 8, 2021 (Doc. 4) and a claim of ownership was filed a week later (Doc. 7). Claimant's Answer was subsequently filed, in which he admits the currency was seized and admits the Court's *in rem* jurisdiction. (*See* Doc. 1.) He generally denied the other allegations in the Complaint and raised various affirmative defenses. (*See generally*, *id.*)

On September 3, 2021, Claimant filed a motion to suppress "all evidence obtained as a result of law enforcement's illegal seizures and searches of Claimant and his possessions that occurred on November 10, 2020 on Interstate 70 in Kansas." (Doc. 14.) Plaintiff subsequently filed a prior motion to compel on September 10, 2021, wherein it contends that the interrogatories it served were done so in an effort to "allow the government to test the claimant's standing to have intervened in this matter." (Doc. 16, at 1-2.) Plaintiff then filed a motion to stay the proceedings "pending a determination of the putative claimant's standing to have intervened in this matter." (Doc. 21.)

The undersigned Magistrate Judge recently issued an Order (Doc. 37) granting that motion to compel but denying the motion to stay. Plaintiff has since filed a motion to stay deadlines (Doc. 38) relating to the motion to suppress (Doc. 14) currently pending before the District Court.

The present motion to compel relates to Plaintiff's document request seeking Claimant's federal income tax returns for 2017 through 2020. (Doc. 34.) The document requests were served on August 30, 2021. (Doc. 13.) As of the filing of Plaintiff's motion, no responses or objections were received from Claimant, which are now past due. (Doc. 34, at 1.) Plaintiff asserts that it has attempted to communicate with Claimant's counsel regarding this discovery issue but "there has been no specific response to the tax return request … ." (*Id*., at 2.)

## ANALYSIS

Fed.R.Civ.P. 26(b) states that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at state in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). As such, the requested information must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable. ***Holick v. Burkhart***, No.16-1188-JTM-KGG, 2018 WL 372440, at *2 (D. Kan. Jan. 11, 2018).

Discovery requests must be relevant on their face. ***Williams v. Board of Co. Comm'rs***, 192 F.R.D. 698, 705 (D. Kan. 2000). Relevance is to be "broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." ***Smith v. MCI Telecomm. Corp.***, 137 F.R.D. 25, 27 (D. Kan. 1991).

Once this low burden of relevance has been established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request. *See* ***Swackhammer v. Sprint Corp. PCS***, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (stating that the party resisting a discovery request based on overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections). Thus, "the objecting party must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable." ***Sonnino v. University of Kansas Hosp. Authority***, 221 F.R.D. 661, 670-71 (D. Kan. 2004).

This District has established that courts may rely on a claimant's tax returns "in determining whether claimant had sufficient legitimate income to account for possession of a large quantity of currency." ***U.S. v. $21,055.00 in U.S. Currency***, 778 F.Supp.2d 1099, 1104 (D. Kan. 2011) (citing ***U.S. v. Funds in Amount of***

4

*30,670.00*, 403 F.3d 448, at 465-66 (7th Cir. 2005) and *United States v. $74,700.00 in U.S. Currency*, No. 06-0736-WKW, 2008 WL 1805432 (M.D. Ala. April 18, 2008)).  The information is thus relevant and discoverable.

Claimant's brief in opposition is not concerned with discussing the validity of the discovery requests (Doc. 40).  Rather, Claimant focuses on the merits of his Motion to Suppress (Doc. 14) currently pending before the District Court.  The fact remains, however, that the undersigned Magistrate Judge has already allowed Plaintiff to engage in discovery with Claimant and recently issued an Order compelling Claimant to respond to interrogatories regarding the seized asset (Doc. 37) – all while the Motion to Suppress is pending.

In that Order, the Court addressed Claimant's arguments that Fourth Amendment protection against unreasonable searches and seizures, as raised in his pending motion to suppress, excused him from responding to Plaintiff's special interrogatories.  (*Id*.)  Claimant had argued that if the traffic stop and resulting search are later suppressed, it would be improper for the government to rely on the same information that was gleaned through the interrogatories.  Plaintiff replied that "all of the information known to the government came from the stop, any suppression of the car stop and seizure would be universal.  The government's follow up civil discovery would have been based upon the now suppressed

information and would therefore be fruit of the poisonous tree." (Doc. 26, at 4.) The Court again agrees.

Further, pursuant to Fed.R.Civ.P. 34(b)(2)(A), responses to document requests are due within thirty (30) days after service of the request. The document requests at issue were served on August 30, 2021. (Doc. 13.) As of the filing of the present motion to compel on October 21, 2021 (Doc. 34), Claimant had failed to respond or object to the document requests, and he did not seek an extension to do so.[1] Any objections are, therefore, waived. *See* **Westport Ins. Corp. v. Guideone Mut. Ins. Co.**, No. 15-2001-CM-KGG, 2016 WL 6948058, at *1 (D. Kan. Nov. 28, 2016) (holding that objections contained in discovery responses that were not served in a timely manner were deemed waived). *Cf.* **Cardenas v. Dorel Juvenile Group, Inc**., 230 F.R.D. 611, 621 (D. Kan. 2005) (holding that "when a party fails to assert an objection in its initial response to the discovery request and raises it for the first time in response to a motion to compel, the objection is deemed waived").

---

[1] The Court notes that Claimant did, however, respond and object to the special interrogatories (Doc. 16-1) served at the same time as the document requests (*see* Docs. 11, 12, 13). Claimant has made no effort to establish good cause for failing to respond, object, or request an extension as to the document requests.

6

Plaintiff's motion to compel (Doc. 34) is **GRANTED**.  Claimant is **ORDERED** to provide the requested documents, **without objection**, within thirty (30) days of the date of this Order.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Doc. 34) is **GRANTED**.

**IT IS SO ORDERED.**

Dated this 8th day of November, 2021, at Wichita, Kansas.

                    /S KENNETH G. GALE
                    HON. KENNETH G. GALE
                    U.S. MAGISTRATE JUDGE