IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) Case No. 21-1076-JWB-KGG |
| $487,025.00 IN U.S. CURRENCY, more or less. | ) |
| Defendant. | ) |
| RODNEY PERKINS, | ) |
| Claimant. | ) |

## ORDER MOTION TO EXCLUDE OR COMPEL

Now before the Court is Claimant's Motion to Exclude Expert Testimony or Compel Disclosure. (Doc 57.) Having reviewed the submissions of the parties, Claimant's motion is **GRANTED in part**.

## BACKGROUND

Plaintiff United States filed its Complaint for forfeiture *in rem* on March 25, 2021, seeking to "forfeit and condemn to the use and benefit of the [USA] the following property: $487,025.00 in U.S. Currency … for violations of 21 U.S.C. § 841." (Doc. 1.) The currency was seized by the Junction City, Kansas Police Department in November 2020 "during a traffic investigation of a rented 2021

1

Chevrolet Colorado pickup" driven by Claimant Rodney Perkins on I-70 in Geary County, Kansas.  (*See id.*)

Claimant contends that the traffic stop was "pre-textual" and "ended when, after Officer Blake issued [Claimant] a warning citation for following too closely, Officer Blake revealed that his real interest was a drug investigation but was verbally denied consent to search the vehicle and to use his purported drug dog to sniff the vehicle."  (Doc. 57, at 2.)  Claimant continues that

> Officer Blake detained [Claimant] and used his drug dog anyway.  The dog purportedly 'alerted' to the passenger side exterior of the vehicle.  After a search of the vehicle revealed a suitcase with the Defendant currency, [Claimant] was arrested and eventually Officer Blake 'conducted a post seizure sniff of the currency' whereby he put the large suitcase in a room at the police station and per his report the dog alerted which 'indicated that drug odor was present on the cash.'

(*Id.*)  Plaintiff currently has custody of the currency.  (Doc. 1.)

Claimant filed a motion to suppress "all evidence obtained as a result of law enforcement's illegal seizures and searches of Claimant and his possessions that occurred on November 10, 2020 on Interstate 70 in Kansas."  (Doc. 14.)  The motion to suppress is currently pending before the District Court.

In the present motion, Claimant moves for an order excluding opinion testimony by Officer Blake regarding the behavior of the drug sniffing dog.  (*See generally* Doc. 57.)  In the alternative, Claimant moves for an order requiring

Plaintiff "to comply with Rule 26(a)(2) and actually indicate what Officer Blake's opinions are, so that Claimant may properly prepare a defense including formulating a rebuttal expert report in compliance with Rule 26(a)(2), if necessary, and set a reasonable deadline for Claimant's disclosure in that regard." (*Id*., at 3.) Plaintiff responds that the "field tests and the personal observations" of Officer Blake "are not scientific evidence" and, therefore, not subject to the expert disclosure rules mandated by Rule 26. (Doc. 69, at 7.)

Also of note is the stay currently entered in this case, which remains pending until the District Court's ruling on the issue of standing as it relates to the motion to suppress. (Doc. 55, 12/15/21 text entry.) The stay applies to all discovery in this case other than that relating to the issue of standing. As such, a new Scheduling Order – which will include expert disclosure deadlines – will be entered by the Court following the District Court's determination of the issue of standing.

## ANALYSIS

**I.    Relevant Discovery and Evidentiary Rules.**

The disclosure of expert testimony is governed by Fed.R.Civ.P. 26(a)(2). Subsection (a)(2)(A) of the rule states that "[i]n addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Rule of Evidence 702 governs witnesses who are "qualified as an

3

expert by knowledge, skill, experience, training, or education … ." The rule states that such experts may provide opinion testify if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

(*Id.*)

Rule of Evidence 703 states that expert opinions may be based on "facts or data in the case that the expert has been made aware of or personally observed." The Rule continues, in relevant part that "[i]f experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted." *Id*.

Subsection (a)(2)(B) of Fed.R.Civ.P. 26 governs expert witnesses who are retained, specifically employed to provide expert testimony in the case, or a witness "whose duties as the party's employee regularly involve giving expert testimony" and who are therefore required to submit a written expert report. Officer Blake is not a retained expert and there is no allegation that his job duties regularly involve providing expert testimony. Thus, if he is considered an expert, he would be subject to the expert disclosure requirements of subsection (a)(2)(C)

of Fed.R.Civ.P. 26. Disclosures for witnesses falling under this Rule, while not requiring a written expert report, must include:

> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Subsection (a)(2)(D) of Rule 26 mandates that expert disclosures are to be made "at the times and in the sequence that the court orders." (*Id*.)

Federal Rule of Civil Procedure 37 governs failures to make required disclosures and cooperate in discovery. Subsection (c)(1) of that rule states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Within this context, the Court will analyze Officer Blake as a witness.

## II.    Application of Rules to Witness Officer Blake.

Claimant argues that unless he is "told that Officer Blake will offer an opinion and is provided a summary of the facts and a summary of that opinion to which he is expected to testify," Claimant is "unable to determine whether and how to prepare for and take a deposition, retain an opposing expert, file a motion to exclude based on relevance, and otherwise prepare for hearings and trial." (Doc.

5

57, at 5.) The Court notes, however, that Claimant has cited no binding authority from the Tenth Circuit or district courts therein to support his argument that Officer Blake, as a dog handler, should be considered an expert subject to the disclosure requirements of Fed.R.Civ.P. 26(a)(2). (*See id.*, at 3-8.) The Court's research discovered no Tenth Circuit or District of Kansas cases on point.[1]

Claimant contends that "the authorities [he has cited] above indicate, the mere mention of a dog alert in the complaint or police report does not comply with the expert report requirements of Rule 26(a)(2)(B) or the requirements of Rule 26(a)(2)(C) … ." (*Id.* (citing **Hill v. United States Dep't of Homeland Sec.**, 570 F.App'x 667, 670 (9th Cir. 2014).) The Court notes, however, that neither **Hill** nor any of the other cases cited by Claimant to that point in his brief have anything to do with drug-sniffing dogs or their handlers.

Claimant subsequently cites a First Circuit case that addressed the testimony of the handler of a dug sniffing dog. (Doc. 57, at 6 (quoting *United States v. Naranjo-Rosario*, 871 F.3d 86, 96-97 (1st Cir. 2017).) The *Naranjo-Rosario* decision discussed that the agent in question testified about the dog's reactions and

---

[1] The Court notes other instances within Claimant's briefing, however, where authority from the District of Kansas and/or the Tenth Circuit exists but Claimant has chosen to rely on cases from other jurisdictions, such as the Ninth Circuit and District Courts therein. (*See e.g.* Doc. 57, at 4.) Claimant is reminded that authority from outside the Tenth Circuit is not considered binding precedent in this District. Claimant is encouraged to provide more-relevant authority, when possible, in subsequent filings.

alerts, "and what those alerts meant in terms of the investigation." 871 F.3d at 96. The Court also noted that the dog handler in question "received training to teach him to handle a trained dog and to interpret the dog's reactions." *Id*. Thus, according to the First Circuit, the dog handler qualified as an expert pursuant to Fed.R.Evid. 702 because he

> necessarily relied on his training and his experience in working with drug-sniffing dogs in order to give that testimony. Because most jurors have never experienced similar scenarios, his testimony rested 'upon an experience confessedly foreign in kind to [the jury's] own.'

*Id*. (citing **Kumho Tire Co. v. Carmichael**, 526 U.S. 137, 149, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999) (alteration in original).

Plaintiff, on the other hand, provides caselaw from the Tenth Circuit but none of it is directly on point. None of the cases cited by Plaintiff address the issue of whether an expert disclosure is required for a drug-sniffing dog handler. In discussing **U.S. v. Kalthoff**, for instance, Plaintiff states that "[b]ased upon the handler's lay testimony, the officers' comments at the scene, and the videotape itself all supported [sic] the finding that the dog had alerted to the presence of narcotics." (Doc. 69, at 4 (citing 266 Fed.Appx. 740, 742 (10th Cir. 2008).)

The **Kalthoff** decision, however, dealt with a suppression hearing and the issue of probable cause. The question of whether the dog-handling officer provided expert testimony – and whether an appropriate expert disclosure was

7

timely provided in compliance with the scheduling order – was never at issue in that case.  The same is true for *U.S. v. Parada*, 577 F.3d 1275 (10th Cir. 2009), also relied upon by Plaintiff.

In *U.S. v. Berrelleza*, 90 Fed.Appx. 361 (10th Cir. 2004) and *U.S. v. Outlaw*, 134 F.Supp.2d 807 (W.D. Tex. 2001), both relied upon by Plaintiff, the courts were dealing with *Daubert* issues regarding the qualifications, methods, and relevancy of expert testimony from dog handlers.  Again, the issue of expert disclosures was not raised in either case.  As Claimant points out in his reply brief, he "is not here moving for a *Daubert* hearing," but rather "asking this Court to order the government to disclose opinion testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Fed. R. Civ. P. 37(c)(1)."  (Doc. 70, at 2.)

Considering the above, the Court finds the First Circuit decision of *Naranjo-Rosario*, 871 F.3d 86, to be persuasive.  The Court agrees that Officer Blake will "necessarily [rely] on his training and his experience in working with drug-sniffing dogs" to provide opinion testimony in this case.  *Id*.  The Court also agrees that most jurors will not have "experienced similar scenarios" or have completed similar training.  *Id*.  Thus, Officer Blake's testimony will, as with the dog-handler in *Naranjo-Rosario*, rest "'upon an experience confessedly foreign in kind to [the jury's] own.'"  *Id*. (internal citation omitted).  In other words, for purposes of this motion, the Court finds that Officer Blake's specialized knowledge as a dog-

handler will potentially "help the trier of fact to understand the evidence or to determine a fact in issue." Fed.R.Evid. 702.[2]

The Court again notes that discovery in this case has been stayed (other than that relating to standing). An Amended Scheduling Order will need to be entered by the Court in the near future, which will contain new dates and deadlines for the case – including the parties' expert disclosure deadlines. As such, the Court finds Claimant's requested relief – excluding Officer Blake's opinion testimony from any evidentiary hearing, summary judgment, and/or trial – to be inappropriate at this stage of the case.

Instead, the Court grants the alternative relief sought by Claimant and instructs Plaintiff that, to the extent Plaintiff intends to elicit expert opinion testimony from Officer Blake, it is required to submit to Plaintiff a sufficient Rule 26(a)(2)(C) disclosure **by the appropriate deadline, which will be set in the Court's subsequent Scheduling Order.** If such expert testimony is to be elicited from Officer Blake, Plaintiff is instructed to disclose the subject matter on which he is expected to present evidence under Federal Rule of Evidence 702, 703, or

---

[2] The District Court will, if necessary, determine the issue of trial admissibility of Officer Blake's testimony based on this and the other factors enumerated in Fed.R.Evid. 702 – whether Officer Blake's testimony is based on sufficient facts or data, is the product of reliable principles and methods, and whether he "has reliably applied the principles and methods to the facts of the case."

705 and a summary of the facts and opinions about which he is expected to testify. Fed.R.Civ.P. 26(a)(2)(C).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Suppress or Compel Disclosure (Doc. 57) is **GRANTED in part** as set forth more fully herein.

**IT IS SO ORDERED.**

Dated this 3rd day of February, 2021, at Wichita, Kansas.

        /S KENNETH G. GALE
        HON. KENNETH G. GALE
        U.S. MAGISTRATE JUDGE